Date signed October 21, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LAI DI ZHU | : | Case No. 10-19901PM |
| | : | Chapter 7 |
|     Alleged Debtor | : | (Involuntary) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION

      Ying Qing Lu ("Petitioner") initiated this Involuntary Petition under Chapter 7 on May 3, 2010. No other creditor of the Alleged Debtor, Lai Di Zhu (hereinafter "Debtor"), joined in the Petition that alleged that the Petitioner was owed $43,036.26, together with interest of $8,112.00, for a total of $55,148.26. The Petition alleged that the "debtor is generally not paying such debtor's debts as they become due unless such debts are the subject of a bona fide dispute as to liability or amount." An Amended Involuntary Petition was filed on June 4, 2010. On June 15, 2010, the Petitioner filed a certificate of service of the Involuntary Petition on the Debtor at her place of employment, the Grand Hyatt Washington. An amended certificate of service was filed June 29, 2010. The Debtor filed a motion to dismiss the case for insufficiency of service of process that was denied by court Order entered July 6, 2010. Also, on July 6, the court entered an Order for Relief, and the Debtor filed an Answer and Affirmative Defenses to the Petition. Her answer alleged that the Petition was filed in bad faith and that the Debtor is paying her debts as they become due, other than the debt claimed by the Petitioner, as to which the Debtor claims there is a bona fide dispute. On Debtor's motion, the court issued an Order on July 7, 2010, vacating the Order for Relief that was entered in error, due to the timely filing of a motion to dismiss that, under Bankruptcy Rule 1011(c), extended the time for filing a responsive pleading

to the Petition.

The court scheduled a status conference on the Petition and set a hearing on the Debtor's motion seeking an order pursuant to § 303(e) of the Bankruptcy Code to require the Petitioner to post a bond to indemnify the Debtor for such amounts as the court may later allow pursuant to § 303(i) of the Bankruptcy Code in the event of dismissal.  Following the hearing on July 28, 2010, the court set a schedule for trial of the Involuntary Petition and entered an Order requiring the Petitioner to file a bond in the sum of $7,500.00, with surety approved by the Clerk, within 21 days to indemnify the Debtor for costs pursuant to § 303(i).  The required surety bond was not posted.  On August 24, 2010, the court ordered the Petitioner to show cause why the case should not be dismissed and further admonished the Petitioner that, upon dismissal, the court may grant judgment against the Petitioner and in favor of the Debtor for costs and reasonable attorney's fees, as well as for punitive damages if a finding of bad faith is made.  No surety bond was posted.

The Debtor filed a motion to dismiss based upon Petitioner's failure to comply with the Order requiring the posting of an indemnity bond.  Thereafter, on September 8, 2010, the court held a hearing on this motion and heard arguments of the parties and the testimony of the Debtor's attorney.  For the reasons set forth below, the court will dismiss the Involuntary Petition and allow the Debtor reasonable attorney's fees.  Further, because the court finds, under applicable Fourth Circuit precedent, that this involuntary case was filed in bad faith, the court will grant judgment against the Petitioner for punitive damages.

While the testimony offered by the Debtor at the hearing on the motion to dismiss described a full-blown dispute to the claim, the dismissal of this case is based upon the Petitioner's failure to file a surety bond.  The Petitioner ignored the court's repeated instructions to file an indemnity bond, and dismissal is appropriate in light of the Petitioner's blatant disregard for the Orders entered on July 29, 2010, and August 24, 2010.

In determining whether punitive damages should be awarded, the court will briefly review the prior dealings of the Debtor and the Petitioner.  The Debtor is employed as a housekeeper at the Grand Hyatt Hotel in Washington, D.C.  Her knowledge of English is limited to such words as "soap," "detergent," and "towels" that are connected with her work.  She met the Petitioner at a Chinese school, where the Debtor had gone to sell homemade pies to students.  The Petitioner had a table at the school promoting her activities as a travel agent.  In the course of their conversations, the Debtor found out that the Petitioner was from her hometown in China.

The Petitioner, a real estate agent in the District of Columbia, also told her about the profits that could be made in real estate and that Debtor could make $10,000.00 in six months if she were to invest $25,000.00 with the Petitioner. The Petitioner assured Debtor that, if such profits did not materialize, her money would be returned in full. Debtor turned over $25,000.00 to the Petitioner in June, 2005, and subsequently turned over an additional $17,000.00 after being told she would lose her original investment were she not to do so. In the course of their transactions, the Debtor apparently gave the Petitioner power of attorney and, in addition, signed various other documents in English, none of which she understood. In time, Debtor stopped paying money to the Petitioner, leading to the filing of this Involuntary Petition. Petitioner's position is, as stated at the status conference held on July 28, 2010, that "[Debtor] owe me the money. She owe -- I pay her mortgage over fifteen months. She owe me the amount then plus the furniture and all the -- all the fee" [D.E. No. 50, 25-26].

Based on the foregoing, the court finds that the sole purpose of the filing of the Petition was to collect a claim of $51,148.26, the basis of which has never been disclosed. The court finds further that the Debtor sustained her burden of proof that the case was filed in bad faith. As the Fourth Circuit instructed in the case of *Atlas Machine & Iron Works, Inc. v. Bethlehem Steel Corp.*, 986 F.2d 709 (CA4 1993), debt collection is not a proper purpose of bankruptcy. *Id*. at 716 (citing *In re Caucus Distributors*, *Inc*., 103 B.R. 890, 924-28 (BC E.D. Va. 1989) (finding that it is subjective bad faith to file an involuntary petition for such purpose)). Petitioner's claim was a simple matter that should have been pursued in state court. The use of the draconian powers of an involuntary petition as a tactic to work out matters with one's debtors is an abuse of the bankruptcy system. *See generally In re Grossinger*, 268 B.R. 386, 388-89 (BC S.D.N.Y. 2001).

In opposition to the Debtor's motion to dismiss, the Petitioner points out that an award of attorney's fees is not automatic but rather requires a finding that the involuntary petition was filed in bad faith. The court disagrees in that the requirement of a finding of bad faith applies to an award of punitive damages (rather than one for attorney's fees) and, in any event, as pointed out above, this Involuntary Petition was filed in bad faith. While some courts, such as *In re Turner*, 80 B.R. 618 (BC Mass. 1987), do not adhere to the Fourth Circuit standard, *Atlas Machine, supra,* is the rule that governs the decision in this case. The Petitioner also argues that punitive damages cannot be allowed in the absence of actual damages. Here, costs incurred in the retention of counsel unquestionably were actual damages incurred by the Debtor. The

Petitioner filed this action without legal advice and, as suggested by her counsel, acted upon a misguided belief that this was the proper forum for the claim.  The Petitioner, however, cannot escape the fact that this was an improper action.

One can only imagine the draconian effect upon an individual's credit standing caused by the filing of an involuntary bankruptcy petition.  The Bankruptcy Court is not a vehicle for the collection of accounts receivable, assuming, for the purpose of this decision only, that there was an outstanding account.  For this reason, Congress provided the opportunity for an alleged debtor to recover as presented here.  As stated in *In re Atlas Machinery & Iron Works, Inc*., 190 B.R. 796, 804 (BC E.D. Va. 1995), "[a]n award of punitive damages under 303(i)(2)(B) is intended to discourage unprincipled creditors from invoking the use of involuntary bankruptcy to serve a purpose at odds with core bankruptcy policy."  This case is another demonstration of the proposition that the resolution of a two-party dispute is not a permissible purpose of an involuntary filing.[1]  As noted in the case of *In re Mountain Dairies, Inc.*, 372 B.R. 623, 634-635 (BC S.D.N.Y. 2007):

> Even if [the Petitioning Creditor] were an eligible petitioner under 11 U.S.C. § 303, this Court would be compelled to abstain pursuant to 11 U.S.C. § 305 because this is essentially a two-party dispute for which the parties have adequate remedies in state court.  The bankruptcy court is not a collection agency.  *See, e.g., In re Century Tile and Marble, Inc.*, 152 B.R. 688, 689 (Bankr. S.D. Fla. 1993) (creditors' attorney admonished and sanctioned for "utilizing the bankruptcy court as a collection agency instead of going to state court where collection claims are properly filed"); *In re Glover, Inc.*, 43 B.R. 322, 325 n.9 (Bankr. D. N.M. 1984).

The court will therefore allow the attorney's fees claimed in the sum of $9,846.00, together with punitive damages in the sum of $5,750.00.  An appropriate order will be entered.

cc:

---

[1] *See generally* 2 COLLIER ON BANKRUPTCY, ¶303.14[5] at 303-47 (Alan N. Resnick & Harry J. Sommer eds. 16th ed.).  *See also* John C. McCoid, II, *The Occasion for Involuntary Bankruptcy*, 61 AM. BANKR. L.J. 195, 217 (1987) ("[T]he circumstances warranting involuntary bankruptcy arise from the need to protect creditors generally from the efforts of individual creditors to collect from the debtor.").

Ronald S. Canter, Esq., 11300 Rockville Pike, Suite 1200, Rockville, MD 20852
Wendell C. Robinson, 4308 Georgia Ave., N.W., Washington, DC 20011
Lai Di Zhu, 18127 Truffle Lane, Boyds, MD 20841
Ying Qing Lu, 4600 Connecticut Avenue, Suite 721, Washington, DC 20008

**End of Memorandum**